# ROBERT F. CASEY, JR., P.C.

### ATTORNEY AT LAW

SHAKER PLACE
233 AYER ROAD - SUITE 12
HARVARD, MASSACHUSETTS 01451
TEL: (978) 772-2223      (800) 649-5400
FAX: (978) 772-6585
E-MAIL: BobCasey@bobcasey.com

April 28, 2004

U.S. POSTAL PRIORITY MAIL

Mr. Martin Castles, Courtroom Clerk to
Judge Nathaniel M. Gorton
U.S. District Court
595 Main Street
Worcester, MA 01608

RE:   Boxcar Media, LLC et al
VS:   RedneckJunk, LLC et al
      C.A. No. 04-40051-NMG
      (Formerly Worcester Superior Court
      C. A. No. WOCV2004-00524-B)

Dear Clerk Castles:

Pursuant to *Local Rule 81.1*, enclosed herewith are attested copies of all
pleadings on file with the Worcester Superior Court, along with the docket sheet.

Very truly yours,

Robert F. Casey, Jr.

RFC:mg
Enclosures
cc:   Dr. Thomas P. Connelly (w/encs.)
      Attorney Jean Sifleet (w/encs.)
      Attorney Brenda M. Cotter (w/encs.)
      Attorney Amanda C. Basta (w/encs.)

# CERTIFICATE OF SERVICE

I, Robert F. Casey, Jr., attorney for the defendants, do hereby certify that on this date I served a copy of the following documents by U.S. Postal First Class Mail, postage prepaid, as follows:

**Letter to Mr. Martin Castles, Courtroom Clerk to**
**Judge Nathaniel M. Gorton**
**U.S. District Court**
**Worcester, MA**
**dated April 28, 2004**
**with enclosures**
**(consisting of all pleadings filed with the Worcester Superior Court)**

to:

Plaintiffs' counsel:

Attorney Brenda M. Cotter
Attorney Amanda C. Basta
BROWN RUDNICK BERLACK ISRAELS, LLP
One Financial Center
Boston, MA 02111

Sworn and subscribed to by me under the pains and penalties of perjury this 28th day of April, 2004.

Robert F. Casey, Jr.

DOCS\CONNELLY\CERT.SER

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

RECEIVED APR 2 1 2004

FILED CLERK'S OFFICE

**WOCV2004-00524**

SEP 12: 16

**Boxcar Media LLC et al v RedneckJunk LLC et al**

U.S. DISTRICT COURT
DIST. F MASS.

| | | | |
|---|---|---|---|
| **File Date** | 03/19/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/16/2004 | **Session** | B - Civil B (18 Worcester) |
| **Origin** | 1 | **Case Type** | B99 - Misc tort |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/17/2004 | **Answer** | 08/16/2004 | | |
| **Rule 15** | 08/16/2004 | **Discovery** | 01/13/2005 | **Rule12/19/20** | 08/16/2004 |
| **Final PTC** | 03/14/2005 | **Disposition** | 05/13/2005 | **Rule 56** | 02/12/2005 |
| | | | | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
Boxcar Media LLC
Active 03/19/2004

**Private Counsel 548004**
Brenda M Cotter
Brown Rudnick Berlack Israels LLP
1 Financial Center
18th floor
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 03/19/2004 Notify

**Private Counsel 655037**
Amanda C Basta
Brown Rudnick Berlack Israels LLP
1 Financial Center
17th Floor
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 03/19/2004 Notify

**Plaintiff**
Raceway Media LLC
Active 03/19/2004

**Private Counsel 548004**
Brenda M Cotter
Brown Rudnick Berlack Israels LLP
1 Financial Center
18th floor
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 03/19/2004 Notify

**Private Counsel 655037**
Amanda C Basta
Brown Rudnick Berlack Israels LLP
1 Financial Center
17th Floor
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 03/19/2004 Notify

case01 114894 y y y y y y

WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2004-00524
## Boxcar Media LLC et al v RedneckJunk LLC et al

| | |
|---|---|
| **Defendant**<br>RedneckJunk LLC<br>536 Main Street<br>Served: 03/23/2004<br>Answered: 04/12/2004<br>Answered 04/12/2004 | **Private Counsel 077700**<br>Robert F Casey Jr<br>Casey & DiSenso<br>233 Ayer Road<br>Shaker Place Suite 12<br>Harvard, MA 01451<br>Phone: 978-772-2223<br>Fax: 978-772-6585<br>Active 04/12/2004 Notify |
| **Defendant**<br>Thomas P  Connelly Dr<br>536 Main Street<br>Served: 03/23/2004<br>Answered: 04/12/2004<br>Answered 04/12/2004 | *** See Attorney Information Above *** |
| | **Private Counsel 461820**<br>Jean D Sifleet<br>120 South Meadow Road<br>Clinton, MA 01510<br>Phone: 978-368-6104<br>Fax:<br>Active 04/12/2004 Notify |
| **Defendant**<br>Connelly Racing Inc<br>536 Main Street<br>Served: 03/23/2004<br>Answered: 04/12/2004<br>Answered 04/12/2004 | **Private Counsel 077700**<br>Robert F Casey Jr<br>Casey & DiSenso<br>233 Ayer Road<br>Shaker Place Suite 12<br>Harvard, MA 01451<br>Phone: 978-772-2223<br>Fax: 978-772-6585<br>Active 04/14/2004 Notify<br><br>**Private Counsel 461820**<br>Jean D Sifleet<br>120 South Meadow Road<br>Clinton, MA 01510<br>Phone: 978-368-6104<br>Fax:<br>Active 04/14/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/19/2004 | 1.0 | Complaint & civil action cover sheet filed and rule 29 statement-CJ |
| 03/19/2004 | | Origin 1, Type B99, Track F. |
| 03/19/2004 | | Filing fee paid in the amount of $240.00, surcharge in  the amount of $15.00 including $20.00 security fee. ($275.00) |

case01 114894 y y y y y y

MAS-20040305
mony

Case 4:04-cv-40051-NMG   Document 8   Filed 04/20/2004   Page 5 of 25

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

04/16/2004
09:30 AM

## WOCV2004-00524
## Boxcar Media LLC et al v RedneckJunk LLC et al

| Date | Paper | Text |
|------|-------|------|
| 03/24/2004 | | Notice of 93A complaint sent to Attorney General |
| 03/26/2004 | 2.0 | Plfs Amended complaint |
| 03/26/2004 | 5.0 | SERVICE RETURNED: RedneckJunk LLC(Defendant) service made on 3-23-04 (agent) |
| 03/26/2004 | 6.0 | SERVICE RETURNED: Thomas P Connelly Dr(Defendant) service made on 3/23/04 (in hand) |
| 03/26/2004 | 7.0 | SERVICE RETURNED: Connelly Racing Inc(Defendant) service made on 3/23/04 (agent) |
| 03/30/2004 | 3.0 | Plaintiff Boxcar Media LLC, Raceway Media LLC's MOTION for Short Order of Notice |
| 03/30/2004 | 4.0 | Plaintiff Boxcar Media LLC, Raceway Media LLC's emergency MOTION for a Preliminary Injunction and Request for Hearing; Memo of Law in Support of Emergency Motion for PI; Affid of Osmin Alvarez; Affid of Brenda M Cotter |
| 03/30/2004 | | MOTION (P#3) ALLOWED S.O.N. to issue return date 4/14/04 @ 2:00 PM (McCann, J) |
| 03/30/2004 | 8.0 | SERVICE RETURNED (summons): Connelly Racing Inc, service made on March 23, 2004 (agent in charge service) |
| 03/30/2004 | 9.0 | SERVICE RETURNED (summons): RedneckJunk LLC, service made on March 23, 2004 (agent in charge service) |
| 03/30/2004 | 10.0 | SERVICE RETURNED (summons): Thomas P Connelly Dr, service made on March 23, 2004 (in hand) |
| 04/09/2004 | 11.0 | Emergency Motion for Leave to Supplement Record on Plaintiffs Motion for Preliminary Injunction |
| 04/12/2004 | 12.0 | ANSWER (amended complaint): RedneckJunk LLC, Thomas P Connelly Dr and Connelly Racing Inc |
| 04/14/2004 | 13.0 | Notice for Removal to the United States District Court filed by RedneckJunk LLC, Thomas P Connelly Dr and Connelly Racing Inc |
| 04/15/2004 | | MOTION (P#11) ALLOWED (John S. McCann, Justice (RAJ)) Notices mailed April 16, 2004 |
| 04/16/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 04/14/2004 | Civil B (18 Worcester) | Motion/Hearing: prel inj | Event not held-req of Plaintiff |
| 03/21/2005 | Civil B (18 Worcester) | Notice of Removal to US Dist. court forthcoming Status: Review Annual Fee Send Notice | |

A true copy by photostatic process
Attest:
Assistant Eugene G Sullivan

MAR 1 9 2004

ATTEST:

WORCESTER, ss

CLERK

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-0524

BOXCAR MEDIA, LLC, and )
RACEWAY MEDIA, LLC, )
    Plaintiffs, )
    v. )
     )
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY and )
CONNELLY RACING, INC., )
    Defendants. )

## COMPLAINT

### INTRODUCTION

1.    Raceway Media, LLC ("Raceway") is the owner of a business and web site known as "RacingJunk.com" which connects buyers and sellers of racing related parts and supplies. The distinctive trademarks "RacingJunk" and "RacingJunk.com" are well known among automobile racing fans and participants and are associated with one source, Raceway. Boxcar Media, LLC ("Boxcar"), an affiliate of Raceway, is the owner of businesses and web sites known as "BoatingJunk.com" and "RvJunk.com" which provide similar services to RacingJunk.com with respect to boats and recreational vehicles ("RV's"). The distinctive trademarks "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com" are very well known to the boating and RV communities and are associated with one source, Boxcar Media.

    The defendants, Connelly Racing, Inc., RedneckJunk, LLC and/or Dr. Thomas P. Connelly, have launched a competing business and web site located at www.redneckjunk.com and called "redneckjunk.com" and "rjunk.com." The defendants' intentional selection of confusingly similar trade names has caused and will continue to cause actual consumer

confusion and harm to plaintiffs' trademarks and business. The defendants sought originally to invest in plaintiffs' businesses and, failing that, launched a competing business utilizing infringing marks in an effort to improperly appropriate for themselves the goodwill associated with plaintiffs' brands.

## PARTIES AND JURISDICTION

2.    The Plaintiff Raceway Media, LLC is a Massachusetts corporation with a principal place of business in North Adams, Massachusetts.

3.    The plaintiff Boxcar Media, LLC is a Massachusetts corporation with a principal place of business in North Adams, Massachusetts.

4.    The defendant RedneckJunk, LLC is, on information and belief, a Massachusetts corporation with a principal place of business at 536 Main Street, Bolton, Massachusetts.

5.    The defendant Dr. Thomas P. Connelly is, on information and belief, an individual residing and with a place of business at 536 Main Street, Bolton, Massachusetts.

6.    The defendant Connelly Racing, Inc. ("Connelly Racing") is, on information and belief, a Massachusetts corporation with a principal place of business at 536 Main Street, Bolton, Massachusetts.

## FACTS

## THE PLAINTIFF'S TRADEMARKS

7.    RacingJunk.com has done business in Massachusetts and throughout the United States since 1999.

8.    The web site and business "RacingJunk.com" and the distinctive trademarks "RacingJunk" and "RacingJunk.com" are well known among automobile racing participants and fans.

2

9.    The trademarks "RacingJunk" and "RacingJunk.com" are promoted through the web site and other marketing activities and are associated with one source, Raceway.

10.    In light of the success of RacingJunk.com, on or about January, 2003, Boxcar Media, an affiliate of Raceway, created the businesses and web sites "BoatingJunk.com" and "RvJunk.com." The distinctive trademarks "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com" are well known within the boating and RV communities. They are promoted through their own web sites as well as through the RacingJunk.com web site and other marketing activities and are associated with one source, Boxcar Media.

## THE DEFENDANTS' ACTIVITIES

11.    On or about January 16, 2004, Dr. Thomas P. Connelly contacted Boxcar Media about a potential relationship between Connelly and/or Connelly Racing and Boxcar Media.

12.    Connelly inquired about investing in Boxcar Media and also about "creat[ing] an equitable opportunity for RacingJunk, BoatingJunk and RvJunk" by permitting these entities to advertise on racing cars and uniforms. See Proposal from Connelly Racing to Boxcar Media dated January 17, 2004 attached as Exhibit A.

13.    The parties were unable to agree to the terms of a business relationship and, on or about January 27, 2004, Boxcar Media provided final written confirmation to Dr. Connelly that it was not interested in a deal on the terms proposed.

14.    On or about January 26, 2004, Dr. Connelly and Connelly Racing, purportedly acting through an entity called RedneckJunk, LLC (which did not exist at the time), registered the domain name "RedneckJunk.com" and, on or about March 8, 2004, the defendants launched a business at the web site www.Redneckjunk.com. On information and belief, the Defendants marketed www.Redneckjunk.com prior to March 8, 2004.

15.    The business at the web site "RedneckJunk.com" offers the same services as the RacingJunk.com, BoatingJunk.com and RvJunk.com businesses and web sites, that is, it purports to connect buyers and sellers of racing, boating and RV parts and supplies.

16.    In creating and launching their RedneckJunk.com business and site, defendants copied, without permission, advertisements from RacingJunk.com onto their own site. The copyright on that advertising copy is owned by Raceway as noted on their site.

17.    On Sunday, March 6, 2004, in an automobile race known as the UAW-Daimler Chrysler 400, RedneckJunk.com ran a prominent advertisement on a participating race car driven by Derrike Cope. At the same race, RacingJunk.com had sponsored a car driven by Carl Long.

18.    At the race, numerous race participants asked whether RacingJunk.com and RedneckJunk.com were related in some way.

19.    After the race, plaintiffs received consumer inquiry about its purported sponsorship of the Derrike Cope car.

20.    Even apart from this consumer confusion, this type of association is very damaging to RacingJunk because the term "redneck" is a very derogatory term on the racing circuit.

21.    Indeed, NASCAR refused to permit RedneckJunk.com to sponsor a car at an Atlanta Motor Speedway race on March 13, 2004 because, according to a NASCAR spokesman, "we just didn't feel like that projected the proper image of our sport."

22.    In response to the NASCAR decision, Redneckjunk.com claims to have changed its business name to "rjunk.com." However, the web site is still located at www.redneckjunk.com and it contains numerous references to RedneckJunk.com. On

4

information and belief, RedneckJunk registered the domain name www.rjunk.com on March 15, 2004.

23.    "Rjunk.com" is also likely to be confused with plaintiffs' businesses. Indeed, there is no reason for defendants to use the word "junk" in the title of their competing business except to trade on plaintiffs' brand recognition and reputation and good will.

<u>CLAIMS</u>

COUNT I

(Trademark Infringement)

24.    The plaintiffs incorporate by reference paragraphs 1 through 23 as if separately set forth herein.

25.    By adopting and using a business and domain name confusingly similar to the plaintiffs' trademarks, defendants are making a false express and/or implied representation that its services are from or associated with plaintiffs.

26.    Defendants' conduct constitutes false descriptions or designations of origin within 15 U.S.C. §1125(a).

27.    The defendants' conduct has caused and likely will continue to cause consumer confusion and substantial and irreparable injury and harm to plaintiffs' reputation as well as economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

COUNT II

(Palming Off)

28.    The plaintiffs incorporate by reference paragraphs 1 through 27 as if separately set forth herein.

5

29.    On information and belief, Connelly, Connelly Racing and RedneckJunk, LLC are intentionally trying to palm off their business as being connected to plaintiffs' businesses by utilizing business names and web site names confusingly similar to plaintiffs' trademarks and by copying plaintiffs' advertisements onto their web sites.

30.    Defendants' acts and conduct constitute tortious palming off.

31.    The defendants' conduct has caused, and will continue to cause, consumer confusion, substantial and irreparable injury and harm to plaintiffs' reputation and economic damages.  Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

COUNT III

(Common Law Trademark Infringement)

32.    The plaintiffs incorporate by reference paragraphs 1 through 31 as if separately set forth herein.

33.    The plaintiffs own certain distinctive trademarks including:  "RacingJunk," "RacingJunk.com," "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com."

34.    The defendants have intentionally and willfully adopted and used phrases confusingly similar to these marks in an attempt to appropriate for themselves the goodwill associated with plaintiffs' marks.

35.    Defendants' conduct constitutes common law trademark infringement.

36.    The defendants' conduct has caused consumer confusion and will cause continued consumer confusion as well as substantial and irreparable injury and harm to plaintiffs' reputation and economic damages.  Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

6

COUNT IV

(Injury to Business Reputation pursuant to G.L. c. 110B §§ 12)

37.    The plaintiffs incorporate by reference paragraphs 1 through 36 as if separately set forth herein.

38.    The defendants' conduct as set forth herein has caused and is likely to continue to cause injury to plaintiffs' business reputation and dilution of plaintiffs' trademarks.

39.    The defendants' conduct has caused substantial and irreparable injury and harm to plaintiffs' reputation and economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

COUNT V

(Violation of G.L. c. 93A)

40.    The plaintiffs incorporate by reference paragraphs 1 through 39 as if separately set forth herein.

41.    The defendants' acts and conduct as described herein which have occurred primarily and substantially in Massachusetts are unfair and deceptive business practices proscribed by Mass. G.L. c. 93A.

42.    The defendants' conduct has caused and will continue to cause plaintiffs substantial and irreparable injury, harm to their reputation and economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

PRAYERS FOR RELIEF

1.    On Counts I through V, award judgment in favor of plaintiffs and enter a preliminary and permanent injunction enjoining defendants from using the name "RedneckJunk," "RedneckJunk.com," "RJunk," "RJunk.com" or any other name confusingly similar to plaintiffs' trademarks "RacingJunk," "RacingJunk.com," "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com";

2.    On Counts I through V, award judgment in favor of plaintiffs and award plaintiffs damages in an amount to be determined, multiplied as appropriate, plus punitive damages, costs, interest and fees; and

3.    Award such other and further relief as the Court deems just and proper.

PLAINTIFFS REQUEST A JURY TRIAL ON ALL CLAIMS.

Respectfully submitted,
BOXCAR MEDIA, LLC
RACEWAY MEDIA, LLC

by their attorneys,

_Amanda C. Basta_
Brenda M. Cotter (BBO #548004)
Amanda C. Basta (BBO #655037)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200 Tel
(617) 856-8201 Fax

Dated: March 19, 2004

A true copy by photostatic process
Attest
_G. Sullivan_

8

## CERTIFICATE OF SERVICE

I, Amanda C. Basta, counsel for the plaintiffs, hereby certify this 19th day of March, 2004, that the foregoing Verified Complaint will be served by Worcester County Sheriff's Office Process Division upon RedneckJunk, LLC, Dr. Thomas P. Connelly, and Connelly Racing, Inc.

*Amanda C. Basta*

Amanda C. Basta

#1264344 v\1 - cotterbm - r3k_01!.doc - 21073/2

9

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-00524-B

BOXCAR MEDIA, LLC, and )
RACEWAY MEDIA, LLC, )
      Plaintiffs, )
v. )
)
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY and )
CONNELLY RACING, INC., )
      Defendants. )

**FILED**

MAR 2 6 2004

ATTEST:

## **AMENDED COMPLAINT**

### INTRODUCTION

1.    Raceway Media, LLC ("Raceway") is the owner of a business and web site known as "RacingJunk.com" which connects buyers and sellers of racing related parts and supplies. The distinctive trademarks "RacingJunk" and "RacingJunk.com" are well known among automobile racing fans and participants and are associated with one source, Raceway. Boxcar Media, LLC ("Boxcar"), an affiliate of Raceway, is the owner of businesses and web sites known as "BoatingJunk.com" and "RvJunk.com" which provide similar services to RacingJunk.com with respect to boats and recreational vehicles ("RV's"). The distinctive trademarks "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com" are very well known to the boating and RV communities and are associated with one source, Boxcar Media.

    The defendants, Connelly Racing, Inc., RedneckJunk, LLC and/or Dr. Thomas P. Connelly, have launched a competing business and web site located at www.redneckjunk.com and called "redneckjunk.com" and "rjunk.com." To launch their business site, defendants copied

1

onto their web site substantial portions of the content of plaintiffs' web sites including consumer advertisements that these customers had placed with plaintiffs. The defendants' intentional selection of confusingly similar trade names and interference with and misappropriation of plaintiffs' business services has caused and will continue to cause actual consumer confusion and harm to plaintiffs' trademarks and business. The defendants sought originally to invest in plaintiffs' businesses and, failing that, launched a competing business utilizing infringing marks in an effort to improperly appropriate for themselves the goodwill associated with plaintiffs' brands.

## PARTIES AND JURISDICTION

2.     The Plaintiff Raceway Media, LLC is a Massachusetts corporation with a principal place of business in North Adams, Massachusetts.

3.     The plaintiff Boxcar Media, LLC is a Massachusetts corporation with a principal place of business in North Adams, Massachusetts.

4.     The defendant RedneckJunk, LLC is, on information and belief, a Massachusetts corporation with a principal place of business at 536 Main Street, Bolton, Massachusetts.

5.     The defendant Dr. Thomas P. Connelly is, on information and belief, an individual residing and with a place of business at 536 Main Street, Bolton, Massachusetts.

6.     The defendant Connelly Racing, Inc. ("Connelly Racing") is, on information and belief, a Massachusetts corporation with a principal place of business at 536 Main Street, Bolton, Massachusetts.

## FACTS

## THE PLAINTIFF'S TRADEMARKS

7.     RacingJunk.com has done business in Massachusetts and throughout the United States since 1999.

2

8.     The web site and business "RacingJunk.com" and the distinctive trademarks "RacingJunk" and "RacingJunk.com" are well known among automobile racing participants and fans.

9.     The trademarks "RacingJunk" and "RacingJunk.com" are promoted through the web site and other marketing activities and are associated with one source, Raceway.

10.     In light of the success of RacingJunk.com, on or about January, 2003, Boxcar Media, an affiliate of Raceway, created the businesses and web sites "BoatingJunk.com" and "RvJunk.com." The distinctive trademarks "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com" are well known within the boating and RV communities. They are promoted through their own web sites as well as through the RacingJunk.com web site and other marketing activities and are associated with one source, Boxcar Media.

## THE DEFENDANTS' ACTIVITIES

11.     On or about January 16, 2004, Dr. Thomas P. Connelly contacted Boxcar Media about a potential relationship between Connelly and/or Connelly Racing and Boxcar Media.

12.     Connelly inquired about investing in Boxcar Media and also about "creat[ing] an equitable opportunity for RacingJunk, BoatingJunk and RvJunk" by permitting these entities to advertise on racing cars and uniforms. See Proposal from Connelly Racing to Boxcar Media dated January 17, 2004 attached as Exhibit A.

13.     The parties were unable to agree to the terms of a business relationship and, on or about January 27, 2004, Boxcar Media provided final written confirmation to Dr. Connelly that it was not interested in a deal on the terms proposed.

14.     On or about January 26, 2004, Dr. Connelly and Connelly Racing, purportedly acting through an entity called RedneckJunk, LLC (which did not exist at the time), registered the domain name "RedneckJunk.com" and, on or about March 8, 2004, the

3

defendants launched a business at the web site www.Redneckjunk.com. On information and belief, the Defendants marketed www.Redneckjunk.com prior to March 8, 2004.

15.    The business at the web site "RedneckJunk.com" offers the same services as the RacingJunk.com, BoatingJunk.com and RvJunk.com businesses and web sites, that is, it purports to connect buyers and sellers of racing, boating and RV parts and supplies.

16.    In creating and launching their RedneckJunk.com business and site, defendants copied, without permission, advertisements from RacingJunk.com, BoatingJunk.com and RvJunk.com onto their own site. The copyright on that advertising copy is owned by Raceway as noted on their site.

17.    On Sunday, March 6, 2004, in an automobile race known as the UAW-Daimler Chrysler 400, RedneckJunk.com ran a prominent advertisement on a participating race car driven by Derrike Cope. At the same race, RacingJunk.com had sponsored a car driven by Carl Long.

18.    At the race, numerous race participants asked whether RacingJunk.com and RedneckJunk.com were related in some way.

19.    After the race, plaintiffs received consumer inquiry about its purported sponsorship of the Derrike Cope car.

20.    Even apart from this consumer confusion, this type of association is very damaging to RacingJunk because the term "redneck" is a very derogatory term on the racing circuit.

21.    Indeed, NASCAR refused to permit RedneckJunk.com to sponsor a car at an Atlanta Motor Speedway race on March 13, 2004 because, according to a NASCAR spokesman, "we just didn't feel like that projected the proper image of our sport."

4

22.    In response to the NASCAR decision, Redneckjunk.com claims to have changed its business name to "rjunk.com." However, the web site is still located at www.redneckjunk.com and it contains numerous references to RedneckJunk.com. On information and belief, RedneckJunk registered the domain name www.rjunk.com on March 15, 2004.

23.    "Rjunk.com" is also likely to be confused with plaintiffs' businesses. Indeed, there is no reason for defendants to use the word "junk" in the title of their competing business except to trade on plaintiffs' brand recognition and reputation and good will.

<u>CLAIMS</u>

COUNT I

(Trademark Infringement
Lanham Act)

24.    The plaintiffs incorporate by reference paragraphs 1 through 23 as if separately set forth herein.

25.    By adopting and using a business and domain name confusingly similar to the plaintiffs' trademarks, defendants are making a false express and/or implied representation that its services are from or associated with plaintiffs.

26.    Defendants' conduct constitutes false descriptions or designations of origin within 15 U.S.C. §1125(a).

27.    The defendants' conduct has caused and likely will continue to cause consumer confusion and substantial and irreparable injury and harm to plaintiffs' reputation as well as economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

## COUNT II

### (Palming Off)

28.    The plaintiffs incorporate by reference paragraphs 1 through 27 as if separately set forth herein.

29.    On information and belief, Connelly, Connelly Racing and RedneckJunk, LLC are intentionally trying to palm off their business as being connected to plaintiffs' businesses by utilizing business names and web site names confusingly similar to plaintiffs' trademarks and by copying plaintiffs' advertisements onto their web sites.

30.    Defendants' acts and conduct constitute tortious palming off.

31.    The defendants' conduct has caused, and will continue to cause, consumer confusion, substantial and irreparable injury and harm to plaintiffs' reputation and economic damages.  Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

## COUNT III

### (Common Law Trademark Infringement)

32.    The plaintiffs incorporate by reference paragraphs 1 through 31 as if separately set forth herein.

33.    The plaintiffs own certain distinctive trademarks including: "RacingJunk," "RacingJunk.com," "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com."

34.    The defendants have intentionally and willfully adopted and used phrases confusingly similar to these marks in an attempt to appropriate for themselves the goodwill associated with plaintiffs' marks.

35.    Defendants' conduct constitutes common law trademark infringement.

6

36.    The defendants' conduct has caused consumer confusion and will cause continued consumer confusion as well as substantial and irreparable injury and harm to plaintiffs' reputation and economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

## COUNT IV

(Injury to Business Reputation pursuant to G.L. c. 110B §§ 12)

37.    The plaintiffs incorporate by reference paragraphs 1 through 36 as if separately set forth herein.

38.    The defendants' conduct as set forth herein has caused and is likely to continue to cause injury to plaintiffs' business reputation and dilution of plaintiffs' trademarks.

39.    The defendants' conduct has caused substantial and irreparable injury and harm to plaintiffs' reputation and economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

## COUNT V

### (Interference with contractual and/or advantageous business relations)

40.    The plaintiffs incorporate by reference paragraphs 1 through 39 as if separately set forth herein.

41.    The plaintiffs have contractual and/or advantageous business relations with their advertisers and potential advertisers.

42.    By, among other things, copying the content of plaintiffs' web site to its own, defendants have improperly interfered with plaintiffs' contractual and/or advantageous business relations with its customers.

43.    The defendants' conduct has caused substantial and irreparable injury and harm to plaintiffs' reputation and economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

## COUNT VI

### (Violation of G.L. c. 93A)

44.    The plaintiffs incorporate by reference paragraphs 1 through 43 as if separately set forth herein.

45.    The defendants' acts and conduct as described herein which have occurred primarily and substantially in Massachusetts are unfair and deceptive business practices proscribed by Mass. G.L. c. 93A.

46.    The defendants' conduct has caused and will continue to cause plaintiffs substantial and irreparable injury, harm to their reputation and economic damages. Unless enjoined, defendants will likely continue their conduct.

WHEREFORE, the plaintiffs request the relief set forth below.

8

## PRAYERS FOR RELIEF

1.    On Counts I through VI, award judgment in favor of plaintiffs and enter a preliminary and permanent injunction enjoining defendants from marketing and/or using the business or domain names "RedneckJunk," "RedneckJunk.com," "RJunk," "RJunk.com" or any other name confusingly similar to plaintiffs' trademarks "RacingJunk," "RacingJunk.com," "BoatingJunk," "BoatingJunk.com," "RvJunk" and "RvJunk.com";

2.    On Counts II, V and VI award judgment in favor of plaintiffs and enter a preliminary and permanent injunction enjoining defendants from copying any content from plaintiffs' web sites, including, without limitation, consumer advertisements.

3.    On Counts I through VI, award judgment in favor of plaintiffs and award plaintiffs damages in an amount to be determined, multiplied as appropriate, plus punitive damages, costs, interest and fees; and

4.    Award such other and further relief as the Court deems just and proper.

PLAINTIFFS REQUEST A JURY TRIAL ON ALL CLAIMS.

Respectfully submitted,
BOXCAR MEDIA, LLC
RACEWAY MEDIA, LLC

by their attorneys,

_____
Brenda M. Cotter (BBO #548004)
Jeffrey P. Hermes (BBO #637952)
Amanda C. Basta (BBO #655037)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200 Tel
(617) 856-8201 Fax

Dated: March 26 2004

A true copy by photostatic process
Attest:
    Asst. Clerk

10

## CERTIFICATE OF SERVICE

I, Brenda M. Cotter, counsel for the plaintiffs, do hereby certify that I served a copy a

copy of the foregoing Amended Complaint by Certified Mail and E-mail to:

> Jean D. Sifleet, Esq.
> 120 South Meadow Road
> Clinton, MA 01510
> Counsel for the Defendants

Dated: March 26, 2004

Brenda M. Cotter

#1266815 v\1 - cotterbm - r5hb01!.doc - 21073/2