UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOXCAR MEDIA, LLC, and )
RACEWAY MEDIA, LLC., )
  )
  Plaintiffs, )
v. )
  ) CIVIL ACTION NO. 04-40051-NMG
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY, and )
CONNELLY RACING, INC., )
  )
  Defendants. )

## MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS, AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(6), plaintiffs Boxcar Media, LLC and Raceway Media, LLC (hereinafter, collectively, "Raceway") hereby move to dismiss the counterclaims of defendants Redneckjunk, LLC, Dr. Thomas P. Connelly and Connolly Racing, Inc. (collectively, "Redneck"). Redneck has asserted three counterclaims in this action: (1) a claim for "interference with advantageous business relationship"; (2) a claim for "unfair and deceptive business practices"; and (3) a claim for injunctive relief. Redneck has made no factual allegations whatsoever to support its first two counterclaims. In fact, Redneck has failed even to identify the legal theory on which its second counterclaim rests. Redneck's third counterclaim is legally flawed and fails on its face, as it is based upon a total misunderstanding of the source of the protection given to trademarks. Accordingly, as discussed further below, Redneck's counterclaims fail to state a claim for which relief can be granted, and should be dismissed in their entirety.

1

<u>ARGUMENT</u>

I.  STANDARD OF REVIEW

"A fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest." <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1171 (1st Cir. 1995). In order to survive a motion to dismiss under Rule 12(b)(6), "[a] complaint must contain factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 628 (1st Cir. 1996). "[I]t is not enough to allege a general scenario which could be dominated by unpleaded facts." <u>Dewey v. Univ. of New Hampshire</u>, 694 F.2d 1, 3 (1st Cir. 1982).

Furthermore, while this Court "must take all well-pleaded facts as true," it "need not credit a complaint's bald assertions or legal conclusions." <u>Glassman</u>, 90 F.3d at 628; <u>see also</u> <u>Chongris v. Bd. of Appeals of Town of Andover</u>, 811 F.2d 36, 37 (1st Cir. 1987) (excluding "bald assertions, unsupportable conclusions, and opprobrious epithets" from facts to which a court must give credence under Rule 12(b)(6)). As the First Circuit has described the applicable standard under Rule 12(b)(6),

> [T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.

<u>DM Research, Inc. v. College of Am. Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999) (emphasis in original).

Redneck's counterclaims do not meet the minimum standards for notice pleading. Indeed, Raceway would be unable to provide a meaningful response to the "claims" alleged. Accordingly, each and every one of Redneck's counterclaims must be dismissed.

II.  **REDNECK'S CLAIM FOR INJUNCTIVE RELIEF IS BASED UPON A FUNDAMENTAL MISUNDERSTANDING OF THE SOURCE AND NATURE OF TRADEMARK PROTECTION.**

Count III of the counterclaim seeks injunctive relief to prevent Raceway from using certain trademarks that allegedly infringe Redneck's marks. Redneck's claim is solely based on the legal theory that Raceway does not have rights in its trademarks because Raceway has not applied for federal registration of those trademarks.[1] See Counterclaim, ¶¶ C-E. However, unlike copyrights and patents, "it is axiomatic that registration does not create the underlying right in a trademark. That right, which accrues from the use of a particular name or symbol, is essentially a common law property right[.]" Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 27 (1st Cir. 1989) (internal quotation marks omitted); In re ECCS, Inc., 94 F.3d 1578, 1579 (Fed. Cir. 1996) ("[T]he most fundamental aspect of United States trademark law [is] that trademark ownership and attendant rights are acquired in the marketplace by use[.]").

Therefore, state and federal laws may, and do, protect unregistered trademarks. For example, the Massachusetts common law doctrine of unfair competition comprehends an action for the copying of trademarks, where copying is likely to result in confusion as to source. There is no requirement of registration. See Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 768-69 (1986). See also Keebler Co. v. Rovira Biscuit Corp., 624 F.2d 366, 372 n.3 (1st Cir. 1980) ("The Lanham Act does not pre-empt the states' ability to recognize and protect trademark rights.").

Similarly, under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

> Any person who...uses in commerce...any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which...in commercial advertising or promotion misrepresents the nature,

---

[1] Significantly, Redneck also does not allege that its use of any mark was senior to Raceway's use of its trademarks. See Counterclaim, ¶¶ C-E. Nor could Redneck do so; Raceway has used and promoted its "RacingJunk" and "racingjunk.com" trademarks since 1999, while Redneck's business has only been in existence since March 2004.

characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

See 15 U.S.C. § 1125(a). Section 43(a) is "designed to reach, among other things, attempts to appropriate the goodwill associated with a competitor's trademark[.]" Purolator, Inc. v. EFRA Distributors, Inc., 687 F.2d 554, 561 (1st Cir. 1982). However, "[t]o make out a claim under § 43(a), a plaintiff need not show that its mark is registered[.]" Three Blind Mice Designs Co., Inc. v. Cyrk, Inc., 892 F.Supp. 303, 310 (D. Mass. 1995); see also Keebler, 624 F.2d at 372.

Raceway is entitled to protect itself and its trademarks against the use of infringing marks by Redneck, whether or not Raceway's trademarks are registered. Thus, Redneck has not alleged in Count III of its counterclaim any legal basis for preventing Raceway from using its protected common-law trademarks, and this Count must be dismissed.

III.  REDNECK FAILS TO ASSERT ANY FACTS TO SUPPORT ITS CLAIM THAT RACEWAY INTERFERED IN ANY ADVANTAGEOUS BUSINESS RELATIONSHIP.

The entirety of the allegations on which Redneck bases its first counterclaim, for interference with an advantageous business relationship, are as follows:

> The Counterclaim-Defendants Boxcar Media, LLC and Raceway Media, LLC did wrongly induce NASCAR to order the Counterclaim-Plaintiffs Redneckjunk, LLC, Dr. Thomas P. Connelly, and Connolly Racing, Inc. to remove their advertisement banner from the sponsored vehicle and any other NASCAR sites.

See Counterclaim, ¶ A.

Totally absent from the counterclaim are any factual allegations upon which Redneck's conclusory statements are based. Instead, Redneck has merely alleged "a general scenario which could be dominated by unpleaded facts," which is insufficient to withstand a motion to dismiss. See Dewey, 694 F.2d at 3. Most importantly, the counterclaim fails to allege what it is that Raceway supposedly did to "wrongly induce" NASCAR to act. Without any factual assertion

4

regarding the actions supposedly taken by Raceway, there is no way for Raceway to respond to the alleged claim, and no basis for relief. Accordingly, Count I of the counterclaim must be dismissed.[2] See DM Research, 170 F.3d at 55 (conclusory allegations without factual averments do not state a claim for which relief can be granted).

## IV. REDNECK HAS FAILED TO IDENTIFY EITHER THE FACTUAL BASIS OR THE LEGAL THEORY OF ITS SECOND COUNTERCLAIM.

Redneck's second counterclaim, entitled "Unfair and Deceptive Business Practices," is even less informative than its first counterclaim. There are no separate allegations of either fact or law in Count II of the Counterclaim. Rather, in support of this claim, Redneck simply states:

> The Counterclaim-Plaintiffs Redneckjunk, LLC, Dr. Thomas P. Connelly, and Connolly Racing, Inc. restate the factual averments contained in Count I.

See Counterclaim, ¶ B. However, as discussed above, there are *no* factual allegations in Count I of the Counterclaim. Instead, there are simply "bald assertions or legal conclusions" which on their own fail to state a claim. Glassman, 90 F.3d at 628.

Count II of the counterclaim must also be dismissed because it fails to identify the legal theory on which the claim is based. The title of the claim does not indicate whether Redneck's claim sounds in common law or in a state or federal statute, or in some combination of these, and Raceway should not be required to guess at Redneck's legal theory of its case. The First Circuit has held that:

---

[2] Also notably absent are any allegations of the other factual elements necessary to make out an interference claim: there are no allegations as to what business relationship, if any, was interfered with; there is no allegation that Raceway was aware of such a relationship; and there is no allegation that Redneck was damaged by the alleged interference. See Am. Private Line Serv's v. Eastern Microwave, Inc., 980 F.2d 33, 36 (1st Cir. 1992) (elements of claim for interference with business relationship are: "(1) a business relationship or contemplated contract of economic benefit; (2) the defendant's knowledge of such relationship; (3) the defendant's interference with it through improper motive or means; and (4) the plaintiff's loss of advantage directly resulting from the defendant's conduct"). Accordingly, this claim must alternatively be dismissed for failure to plead the necessary elements of an interference claim. See Glassman, 90 F.3d at 628 (to avoid dismissal under Rule 12(b)(6), complaint must include factual allegations respecting each essential element of claim).

5

> [W]hile courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him.
>
> \*\*\*
>
> [A plaintiff may not] leave defendants to forage in forests of facts, searching at their peril for every legal theory that a court may some day find lurking in the penumbra of the record. Under the Civil Rules, notice of a claim is a defendant's entitlement, not a defendant's burden. The truth-seeking function of our adversarial system of justice is disserved when the boundaries of a suit remain ill-defined and litigants are exposed to the vicissitudes of trial by ambush.

Rodriguez, 57 F.3d at 1171-1172. Thus, for these reasons, Count II must be dismissed as well.

## CONCLUSION

For the reasons discussed above, Raceway respectfully requests that Counts I through III of the defendants' counterclaim in this action be DISMISSED.

Respectfully submitted,

BOXCAR MEDIA, LLC
RACEWAY MEDIA, LLC

By their attorneys,

Brenda M. Cotter (BBO #548004)
Jeffrey P. Hermes (BBO #637952)
Amanda C. Basta (BBO #655037)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: May 3, 2004

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

I hereby certify that counsel for the plaintiffs attempted to contact defendants' counsel regarding the above motion, but did not hear from defendants' counsel prior to the time of filing this motion.

_____
Brenda M. Cotter

## CERTIFICATE OF SERVICE

I, Jeffrey P. Hermes, counsel for the plaintiffs, do hereby certify that on this day, May 3, 2004, I served a copy of the foregoing document by mail and electronic mail to counsel for the defendants:

Robert F. Casey, Jr., Esq.
ROBERT F. CASEY, JR., P.C.
Shaker Place
233 Ayer Road – Suite 12
Harvard, MA 01451

Jean D. Sifleet, Esq.
120 South Meadow Road
Clinton, MA 01510

_____
Jeffrey P. Hermes

Dated: May 3, 2004

#1271269 - 21073/2