UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOXCAR MEDIA, LLC, and )
RACEWAY MEDIA, LLC., )
   Plaintiffs, )
v. )
)
)   CIVIL ACTION NO. 04-40051-NMG
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY, and )
CONNELLY RACING, INC., )
   Defendants. )

## OBJECTION TO DEFENDANTS' MOTION TO ACCELERATE DISCOVERY CONTAINED IN DEFENDANTS' "REPLY TO THE PLAINTIFFS' SECOND SUBMISSION"

Plaintiffs Boxcar Media, LLC and Raceway Media, LLC ("Plaintiffs") hereby oppose the Defendants' demand for accelerated discovery responses from the Plaintiffs contained in Defendants' "Reply to the Plaintiffs' Second Submission." Defendants allegedly seek this "emergency" discovery in response to Plaintiffs' motion for a preliminary injunction; however, procedurally, the Defendants' motion is wholly inappropriate, and substantively, it is utterly lacking in merit. If the discovery requested by the Defendants were urgent, it would have been served long before now; Plaintiffs' preliminary injunction motion has been pending since March 31, 2004. Accordingly, the Defendants' demand should be denied.

1.    Notwithstanding their request for an extension of time to file a response to the Plaintiffs' pending motions, which was granted by this Court, the Defendants filed on May 17, 2004, a "Reply to the Plaintiffs' Second Submission" ("Defendants' Reply"). This reply appears to be a response to the content of the Plaintiffs' proposed Reply Brief, but its primary focus appears to be an eleventh-hour motion for "emergency" discovery on issues unrelated to the pending preliminary injunction.

2. Specifically, the Defendants seek to require the Plaintiffs to respond within seven (7) days to certain document requests and interrogatories served with the Defendants' Reply. As a threshold matter, once again, Defendants have not conferenced this motion pursuant to L.R. 7.1(A)(2), and, accordingly, the relief sought in the Defendants' Reply should be denied.[1]

3. The Defendants' demand for accelerated discovery is also utterly without merit. The Defendants allege that they seek this discovery in order to determine whether or not the Plaintiffs have been irreparably harmed by the Defendants' actions. However, the Defendants' proposed discovery has nothing to do with irreparable harm. Instead, the Defendants' discovery requests almost uniformly go to the issue of quantifying damages as opposed to identifying the irreparable and intangible harm caused by their infringement of the Plaintiffs' trademarks.[2] See Defendants' Reply, Exs. 1 and 2. For example, Defendants' Interrogatory No. 1 reads,

> Describe in detail and in quantitative terms all damages the Plaintiffs allege were caused by the Defendants stating the dates and amounts of each item of damage,

while Document Request No. 1 reads,

> Provide all income tax returns reflecting the operations of RacingJunk.com.

See id. at Interrogatory No. 1, Document Request No. 1. In addition to being an outrageous and unwarranted burden to place on the Plaintiffs in the space of one week, quantification of monetary damages is not at issue on the Plaintiffs' motion for a preliminary injunction, and there is no urgent need for discovery on this topic or responses to such requests.

---

[1] The Defendants' demand for accelerated discovery responses from the Plaintiffs is particularly inappropriate, as the Defendants have not yet responded to document requests served on them by the Plaintiffs almost two months ago on March 23, 2004, prior to the removal of this action to this Court.

[2] The sole exception to this is Defendants' Interrogatory No. 9, which asks that the Plaintiffs "Describe any and all actions taken by the Plaintiffs to hinder the Defendants' website operation other than this civil action." This request, in addition to being objectionable on its face, has nothing to do with the issues on the Plaintiffs' motion for a preliminary injunction. Plaintiffs reserve the right to object to any and all discovery requests propounded by the Defendants.

2

4.  Moreover, even if the Defendants' requests did address the question of irreparable harm, there is no need for discovery on this topic for the purposes of the Plaintiffs' pending motion for a preliminary injunction, because, as discussed previously, such harm is *presumed* under the law of the First Circuit to flow from the confusion caused by the Defendants. See Camel Hair & Cashmere Inst. v. Assoc. Dry Goods Corp., 799 F.2d 6, 14-15 (1st Cir. 1986); Hypertherm, Inc. v. Precision Prods., Inc., 832 F.2d 697, 699-700 (1st Cir. 1987). But even if such evidence were required, the Plaintiffs have more than adequately demonstrated irreparable harm, including multiple instances of the actual confusion of their customers by the Defendants' pattern of knowing infringement. See Affidavits of Osmin F. Alvarez, filed in support of Plaintiffs' Motion for a Preliminary Injunction.

5.  The Defendants' motion is nothing more than a transparent and improper attempt to cause the Plaintiffs an unwarranted burden and expense. The conclusion that the Defendants are acting in bad faith is inescapable, given that they have had the Plaintiffs' motion since March 31, 2004, but have not sought the requested discovery until now. Accordingly, the relief sought by the Defendants should be denied.

WHEREFORE, Plaintiffs respectfully request that the accelerated discovery requested in the Defendants' "Reply to the Plaintiffs' Second Submission" be DENIED.

Respectfully submitted,
BOXCAR MEDIA, LLC and
RACEWAY MEDIA, LLC,
By their attorneys,

Brenda M. Cotter (BBO #548004)
Jeffrey P. Hermes (BBO #637952)
Amanda C. Basta (BBO #655037)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: May 19, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON 5/19/04 and electronic mail

SIGNATURE

3