UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-40051-NMG

BOXCAR MEDIA, LLC and )
RACEWAY MEDIA, LLC, )
)
            Plaintiffs, )
)
v. )
)
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY and )
CONNELLY RACING, INC., )
)
            Defendants. )

## Motion of Defendants for Bond Pursuant to Rule 65 of the Rules of Civil Procedure

Now come the Defendants RedneckJunk, LLC, Dr. Thomas P. Connelly, and Connelly Racing, Inc. (hereinafter referred to as the "Defendants") and state the following:

1. This Honorable Court has issued a preliminary injunction against the Defendants. In this circuit it has been held that "...the presumption in favor of requiring a posting of a bond is high." *Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc.*, 730 F.Supp. 1165, *1175 (1989).

2. A factor to be considered is the potential loss to the enjoined party and the hardship to the applicant to post a bond. But, in commercial cases, the applicants are assumed capable to bear the cost. *Id.* The applicant in this case are commercial entities that claim to be well established. Thus, posting a bond will pose no hardship.

3. On the other hand, the attached affidavit of Thomas Connelly demonstrates that the Defendant, Redneckjunk, LLC, has expended considerable sums in promoting redneckjunk.com (rjunk.com). All of this promotion is for nought with the preliminary injunction (see attached Affidavit of Thomas P. Connelly dated June 7, 2004).

4.   It should be borne in mind that in this circuit, the likelihood of success on the merits is not necessarily a factor in waiving a bond as the likelihood of success "...generally seems to be irrelevant to the issue of bond requirement." *Crowley v. Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen and Packers*, 679 F.2d 978, *999. (1982). The presumption of damage to the Plaintiffs' under the Lanham Act is only a rebuttable presumption, i.e., it shifts the burden of proof to the Defendants. *Calamari Fisheries, Inc. v. The Village Catch, Inc.*, 698 F.Supp. 994, *1006 (1988) and *Socicte Des Produits Nestle, SA v. Casa Heleveia, Inc.* 982 F.2d 633, *641 (1992). The Defendants welcome that burden as the Defendants' internet tracking data, over almost a full financial quarter, demonstrates no negative impact on the Plaintiffs' website traffic.

WHEREFORE, weighing the applicable factors, a bond in the amount of $43,700 should be ordered.

REDNECKJUNK, LLC,
DR. THOMAS P. CONNELLY, and
CONNELLY RACING, INC.,
By their Attorney,

Robert F. Casey, Jr.
BBO# 077700
6 Lancaster County Road
Harvard, MA 01451
(978) 772-2223

Dated: June 7, 2004

## CERTIFICATE OF SERVICE

I, Robert F. Casey, Jr., attorney for the Defendants, do hereby certify that on this date I served a copy of the following documents by U.S. Postal Express Mail, postage prepaid, as follows:

1. **Motion of Defendants for Bond Pursuant to Rule 65 of the Rules of Civil Procedure; and**

2. **Affidavit of Thomas P. Connely**

to:

Plaintiffs' counsel:

Attorney Brenda M. Cotter
Attorney Amanda C. Basta
BROWN RUDNICK BERLACK ISRAELS, LLP
One Financial Center
Boston, MA 02111

Sworn and subscribed to by me under the pains and penalties of perjury this 7th day of June, 2004.

_____
Robert F. Casey, Jr.

Defendants' co-counsel:

Attorney Jean Sifleet
120 S. Meadow Road
Clinton, MA 01510