UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOXCAR MEDIA, LLC, et al.,<br>　　　Plaintiffs,<br>v.<br>REDNECKJUNK, LLC, et al.,<br>　　　Defendants. | CIVIL ACTION NO. 04-40051-NMG<br><br>PLAINTIFFS' OPPOSITION TO<br>DEFENDANTS' MOTION<br>TO REQUIRE A BOND |

Plaintiffs Boxcar Media, LLC, and Raceway Media, LLC, (collectively, "Raceway") hereby oppose the motion of defendants Redneckjunk, LLC, Thomas P. Connelly, and Connelly Racing, Inc., (collectively, "Redneck") to require Raceway to post a bond in connection with the issuance of a preliminary injunction to prevent Redneck from continuing its intentional infringement of Raceway's trademarks. Redneck engaged in this egregious conduct that gave rise to the motion purposefully, and at its own risk following notice of Raceway's objections, and it has presented no basis now to require the posting of a bond, let alone a bond for more than $40,000. Accordingly, Redneck's motion should be denied.

In support of their opposition, Raceway states as follows:

1.  This case involves a calculated attempt on the part of Redneck to compete unfairly and to interfere tortiously with the business of its competitor, Raceway. Redneck, with full knowledge of Raceway's trademarks, set forth on a deliberate course of infringement with clear notice of the risks it chose to incur. After Raceway declined to enter into a business relationship with defendants, Redneck purposefully set out to misappropriate Raceway's business. They selected a name confusingly similar to Raceway's business name and trademarks, and continued to use that name despite immediate notice of Raceway's objections. Redneck has further admitted to taking customer advertisements from Raceway's website without permission from the customers, and has even intentionally copied the exact color

1

primarily used by Raceway on its website in an effort to create further consumer confusion. All of these actions were taken at Redneck's own risk, and Raceway should not bear the burden of Redneck's tortious conduct.

2. Moreover, the clear and deliberate pattern of infringement in this case, coupled with Redneck's own admissions and evidence of <u>actual</u> consumer confusion on the preliminary injunction record, makes it extraordinarily likely that Raceway will succeed on the merits of its claims in this case. See Crowley v. Local No. 82, 679 F.2d 978, 1000 n.25 (1st Cir. 1982) (noting that extraordinary likelihood of success might militate against requiring a bond); Express Mortgage Brokers, Inc. v. Simpson Mortgage, Inc., 1994 U.S. Dist. LEXIS 8764, *16 (E.D. Mich. May 6, 1994) (declining to issue bond in trademark case, where plaintiff established a "strong likelihood of success on the merits"). Thus, a bond is neither necessary nor supported by Redneck's submissions.

3. Further, Redneck has failed to present any support for its claim that it will suffer financial harm from the preliminary injunction if a bond does not issue. The primary basis for Redneck's demand for a bond is its assertion that it has already expended certain amounts to advertise the infringing marks, which it allegedly will be unable to recoup. However, it appears that defendants already had a plan to change their business name quite apart from an injunction. In the preliminary injunction hearing before this Court on June 4, 2004, counsel for Redneck stated that Redneck had already been contemplating a change in the nature and model of its business. After the hearing, Redneck apparently changed its business name to RJGoods.com. However, Redneck had been advertising its new business, "RJGoods.com," on its existing website for several weeks prior to the hearing; in contrast to its current model, this new site (which is now active) appears to focus on the sale of "oval track racing parts" (see copy of

website attached as <u>Exhibit A</u> hereto). Thus, there is no evidence that any failure to recoup an investment in advertising would be the result of the preliminary injunction, as opposed to Redneck's pre-existing plan to change its business model.

4. In addition, there is no evidence that the advertising purchased by Redneck would have been effective, or that Redneck would have been able to earn enough revenue to recover its advertising investment were it not for the preliminary injunction. As defendant Connelly admitted in his affidavit dated June 3, 2004, the classified advertisements on the "redneckjunk.com" website were offered on a free basis. <u>See</u> Affidavit of Thomas P. Connelly dated June 3, 2004 (attached hereto as <u>Exhibit B</u>), ¶ 3. According to the Affidavit, the only revenue earned by "redneckjunk.com" was through the sale of t-shirts and other consumer items, with revenues totaling $1,730.00 for the two months that the site was in operation. <u>Id.</u>, ¶¶ 3-4. Indeed, counsel for Redneck acknowledged at the preliminary injunction hearing that Redneck's contemplated change in its business was due to limited success with its attempt to copy Raceway's business model. Redneck has simply disregarded these prior statements in its current motion, and its demand for a bond is thus extremely disingenuous. <u>See</u> <u>Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc.</u>, 730 F. Supp. 1165, 1177 (D. Mass. 1989) (refusing to accept damage calculation submitted in support of bond in light of internal inconsistencies in party's presentation of its finances). Redneck's allegations that it has spent over $40,000 on advertising are irrelevant, when its business was plainly unable to recover that investment whether or not an injunction issued. Any potential loss to Redneck would, in fact, be de minimis, and thus no bond is necessary in this case. <u>See</u> <u>Crowley</u>, 679 F.2d at 1000 (court should consider whether or not injunction will cause loss to party in deciding whether to issue bond).

5.  Moreover, Raceway can ill-afford the additional expense of a bond, on top of the costs of litigation that Raceway has already been required to expend in order to stop Redneck from further injuring its business. When the relative positions of the parties and the costs to each are considered, it is apparent that a bond is neither necessary nor a fair imposition on the plaintiffs in this case. See Crowley, 679 F.2d at 1000-01 (affirming district court's decision not to require bond given relative positions of parties and costs to each); see also Adams v. Baker, 919 F. Supp. 1496, 1505 (D. Kan. 1996) (declining to require bond based on strength of plaintiff's case and minimal damages defendants would suffer from preliminary injunction).

WHEREFORE, Raceway respectfully requests that Redneck's motion to require Raceway to post a bond be DENIED.

Respectfully submitted,

BOXCAR MEDIA, LLC and
RACEWAY MEDIA, LLC,

By their attorneys,

_____
Brenda M. Cotter (BBO #548004)
Jeffrey P. Hermes (BBO #637952)
Amanda C. Basta (BBO #655037)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: June 8, 2004

#1281269 v\1 - hermesjp - rgmt01!.doc - 21073/2

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON 6/8/04 and e-mail

SIGNATURE





:: Terms :: :: Privacy :: :: Contact Us :: :: Help ::

Home | Classifieds | FAQ | About Us    :: Login ::

**Classified Tools**
- Browse Classifieds
- Advanced Search
- Join Mailing List
- Post An Ad

---

- Login
- Create Account
- View My Account


JAYSKI'S
See what the buzz is about


LEAF Racewear


LastCowboys
YOUR DAILY SOURCE FOR NEXTEL CUP NEWS
→ CLICK HERE

### ::{RJGoods SHOWCASE CAR} Nextel Cup Car ::



Robert Yates #88 2003 Cup car
**Price: $14,500.00**

Yates chasiss, raced @ dover in 2003 has a standard spindal configuration. Fully plumed, oils, brake lines, and it has an oil tank.

### ::{RJGoods SHOWCASE CAR} Craftman Series Car ::

NASCAR CRAFTMAN TRUCK
**Price: Best Offer**

Three trucks, two yates engines, trans, gears, springs shocks, transporter, etc. for a complete list call 770-506-0090 or email ricky@rickysanders.com


RJGOODS.COM
Oval Track Racing Parts


Racing Designs
- Paint Schemes
- Uniforms
- Logos
- Transporters
- Hero Cards
- And More!



**Most Recently Posted Ads**

:: Ad No. 2120 ::
"67 Nova
**Price: $8,500.00**
**Phone:** Not Available
**Location:** Huntley, IL, US
**Qty:** 1
**Created:** June 2, 2004

:: Ad No. 2118 ::
Custom Racing T-Shirt Designs And More
**Price: $0.00**
**Phone:** Not Available
**Location:** Marlboro, MA, US
**Qty:** 100
**Created:** May 30, 2004

:: Ad No. 2117 ::
NEW HILBORN STYLE AIR SCOOPS
**Price: $150.00**
**Phone:** Not Available
**Location:** Kennesaw, Georgia, US
**Qty:** 0
**Created:** May 29, 2004

:: Ad No. 2116 ::
NASCAR Inspired Sunglasses
**Price: $5.99**
**Phone:** Not Available



Location: Norton, MA, US
Qty: 120
Created: May 27, 2004





*Transmitted: 6/8/2004 9:25:02 AM*
Free, Used, Auto Racing Equipment Classifieds!!

Free Auto Racing Equipment Classifieds!!   Home | Classifieds | FAQ | About Us    :: Login ::



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-40051-NMG

BOXCAR MEDIA, LLC, and )
RACEWAY MEDIA, LLC, )
                                                        )
                                                        )
                            Plaintiffs, )
                                                        )
v.                                                    )
                                                        )
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY, and )
CONNELLY RACING, INC., )
                                                        )
                            Defendants. )

## AFFIDAVIT OF
## THOMAS P. CONNELLY

I, Thomas P. Connelly, do under oath state the following:

1. I am a principal in Redneckjunk, LLC.

2. The Redneckjunk.com (now rjunk.com website) was launched on March 6, 2004.

3. The website offers classified advertisements and are offered on a free basis. The only revenue generated has been from the sale of t-shirts and other consumer items.

4. Total gross receipts from the website's from its inception on March 6, 2004 to date (June 3, 2004) are $1,730.00.

Page 1 of 2

Signed under the pains and penalties of perjury this 3rd day of June, 2004.

_____
Thomas P. Connelly

DOCS\CONNELLY\AFFIDAVIT.DOC