```
                  United States District Court
                    District of Massachusetts
                         Central Division
_____
                                      )
BOXCAR MEDIA, LLC and RACEWAY         )
MEDIA, LLC,                           )
        Plaintiffs,                   )
                                      )   Civil Action No.
        v.                            )   04-40051-NMG
                                      )
REDNECKJUNK, LLC, DR. THOMAS P.       )
CONNELLY and CONNELLY RACING,         )
INC.,                                 )
        Defendants.                   )
_____ )
```

**PRELIMINARY INJUNCTION**

**Gorton, J.**

After notice to the parties, consideration of the pleadings and a hearing on the Plaintiffs' motion for a preliminary injunction, this Court finds that the Plaintiffs' marks are suggestive and therefore are entitled to trademark protection without proof of secondary meaning.  See Equine Techs., Inc. v. Equitechnology, Inc., 68 F.3d 542, 544, 544 n.2 (1st Cir. 1995).

Because Plaintiffs have demonstrated a likelihood of success on the merits of their trademark infringement claim, the Plaintiffs are presumed to be at risk of substantial and irreparable harm.  See Camel Hair & Cashmere Inst. of America, Inc. v. Associated Dry Goods Corp., 799 F.2d 6, 14-15 (1st Cir. 1986); Hypertherm, Inc. v. Precision Prods., Inc., 832 F.2d 697,

700 (1st Cir. 1987). The balance of harms favors the Plaintiffs and it is in the public interest to impose the requested injunction. See Hypertherm, Inc., 832 F.2d at 700.

Accordingly, it is hereby ORDERED that Defendants RedneckJunk, LLC, Dr. Thomas P. Connelly and Connelly Racing, Inc., together with their officers, directors, agents, successors, representatives and assigns (collectively, "the Defendants") immediately cease and desist (and are hereby enjoined until further notice) from engaging in any of the following conduct:

    1) marketing, advertising, displaying and/or otherwise promoting, and/or using as a business name, trade name and/or domain name, the names "RedneckJunk," "RedneckJunk.com," "Rjunk," "Rjunk.com," or any other name or mark containing the word "junk", or any name and/or mark confusingly similar to Plaintiffs' alleged trademarks, which include "RacingJunk," "RacingJunk.com," "BoatingJunk," "BoatingJunk.com," "RVJunk" and "RVJunk.com";

    2) causing, facilitating and/or encouraging third parties to advertise, to market, to display or otherwise to promote any name and/or mark whose use is prohibited to the Defendants under paragraph (1) of this injunction, whether or not such third parties are compensated for such promotion; and

    3) taking and/or continuing to use customer advertisements from Plaintiffs' web sites without the prior written consent of the subject customer.

It is further ORDERED that the Defendants shall give written notice to all third parties that they have caused, facilitated, or encouraged to advertise, market, display or otherwise promote

the names and/or marks the use of which is prohibited under paragraph (1) of this injunction which notice shall include a copy of this Order and a direction to cease further use of such marks.

Pursuant to Fed. R. Civ. P. 65(c), the Plaintiffs shall forthwith post a bond in the amount of Two Thousand Five Hundred Dollars ($2,500).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: June 8, 2004