```
                     United States District Court
                       District of Massachusetts
```

```
_____
                              )
BOXCAR MEDIA, LLC et al.,     )
        Plaintiffs,           )
                              )
        v.                    )   Civil Action No.
                              )   04-40051-NMG
REDNECKJUNK, LLC, et. al.     )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In the present dispute, plaintiffs, Boxcar Media, LLC ("Boxcar") and Raceway Media, LLC ("Raceway") (collectively "the Plaintiffs"), allege that defendants RedneckJunk, LLC ("RedneckJunk), Dr. Thomas P. Connelly ("Dr. Connelly"), and Connelly Racing, Inc. (collectively "the Defendants") have infringed several of the Plaintiffs' trademarks.  Defendants have counterclaimed, alleging that the Plaintiffs have engaged in unfair business practices.  Plaintiffs move to dismiss Defendants' counterclaims under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.   Factual Background**

Raceway is a Massachusetts corporation that operates a website known as "RacingJunk.com."  Boxcar, an affiliate of Raceway, operates similar websites and related businesses.

-1-

In early 2004, Defendant Dr. Connelly formed RedneckJunk and launched a website known as "RedneckJunk.com," together with several similar websites. Plaintiffs allege that Defendants copied and misappropriated "nearly all" of Plaintiffs' website advertisements to Defendants' new websites.

Plaintiffs filed suit for trademark infringement in Worcester Superior Court and Defendants removed the case to this Court on April 12, 2004. Defendants counterclaimed for 1) interference with an advantageous business relationship, 2) unfair and deceptive business practices and 3) injunctive relief to prevent Plaintiffs from using trademarks that allegedly infringe Defendants' marks.

Specifically, Defendants assert that the Plaintiffs were somehow responsible for an earlier refusal by the National Association for Stock Car Auto Racing, Inc. ("NASCAR") to permit RedneckJunk.com to sponsor a car at one of its sanctioned races.

On June 8, 2004, this Court allowed Plaintiffs' motion for a preliminary injunction whereby the Defendants were enjoined from using the trademarks in question (Docket No. 19). Plaintiffs pending motion to dismiss Defendants' counterclaims, which is not opposed, was filed shortly thereafter.[1]

---

[1] Despite the lack of opposition to the motion to dismiss, the court will examine the sufficiency of the complaint. Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 145 (1st Cir. 2004).

**II.   Legal Analysis**

    **A.   Legal Standard**

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief."  Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D.Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).  Further, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  See Nollett, 83 F.Supp.2d at 208.

    **B.   The Interference Claim**

The Defendants' first counterclaim is entitled "interference with advantageous business relationship."  Their sole allegation

-3-

is that, "[Plaintiffs] did wrongfully induce NASCAR to order [Defendants] to remove their advertisement banner from the sponsored vehicle and any other NASCAR sites."  Defendants offer no supporting allegations of fact.

The elements of an interference claim are: 1) a business relationship, 2) defendant's knowledge of such relationship, 3) defendant's interference with that relationship through improper means and 4) plaintiff's loss of an advantage as a result.  Am. Private Line Serv's v. Eastern Microwave, Inc., 980 F.2d 33, 36 (1st Cir. 1992).  The Defendants do not specify what business relationship was affected, whether the Plaintiffs knew about any such relationship, what improper means were used to interfere with it or any advantage the Defendants lost as a result.  Because they have failed to plead the required elements, the counterclaim will be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

    C.    **The Unfair Practices Claim**

Defendants' second counterclaim is entitled "Unfair and Deceptive Business Practices."  It contains no additional factual allegations but instead "restate[s] the factual averments contained in Count I," which are deficient as previously described.  Thus, Defendants rest their two counterclaims on a single, conclusory allegation.  Moreover, they do not specify

whether the basis of their claim is statutory or common law. Assuming, generously, that they intended to state a claim under M.G.L. c. 93A, that claim is facially inadequate.

A Chapter 93A claim for unfair business practices focuses on the "nature of the challenged conduct and on the purpose and effect of that conduct." Mass. Employers Insurance Exchange v. Propac-Mass, Inc., 420 Mass. 39, 42 (1995). The Defendants fail to offer any facts concerning the challenged conduct, such as how the Plaintiffs have "wrongfully induce[d]" anyone to do anything. The Plaintiffs cannot be expected to fashion a meaningful response or even to understand their alleged misdeed. Thus, the second counterclaim does not state a claim upon which relief can be granted and it will be dismissed.

### D. The Claim for Injunctive Relief

Defendants final counterclaim is entitled "injunctive relief." It alleges that, because the Plaintiffs have not federally registered their trademarks, they have, as a result, "wrongfully claimed trademark ownership and have sought to deprive [Defendants] of a trademark." That statement is, simply, nonsensical.

Federal registration is irrelevant to a determination of whether a trademark is granted protection. See Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 27 (1st Cir. 1989). Trademark

protection is acquired, at both the state and federal levels, solely by use of the mark in commerce.  Id.  See also 15 U.S.C. § 1125(a).  The Plaintiffs' marks are protected by trademark law, whether registered or not.  Thus, Defendants' claim is factually deficient and legally inaccurate.  It will be dismissed.

**ORDER**

Based upon and in accordance with the foregoing, Plaintiffs' motion to dismiss (Docket No. 9) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 18, 2004