UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-40051-NMG

| | |
|---|---|
| BOXCAR MEDIA, LLC, and <br> RACEWAY MEDIA, LLC, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| REDNECKJUNK, LLC, <br> DR. THOMAS P. CONNELLY, and <br> CONNELLY RACING, INC., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## MOTION TO RECONSIDER DISMISSAL OF COUNTERCLAIM

Now come the Defendants/Counterclaim-Plaintiffs and state:

1. On October 18, 2004, this Court did dismiss Counterclaim-Plaintiffs' counterclaim for failure to state a claim on which relief may be granted.

2. The dismissal of the Counterclaim-Plaintiffs' counterclaim was clearly erroneous. The Federal Rules of Civil Procedure require only simplicity and brevity. It is bedrock law that claims need only be stated in simplified notice form. *Swierkiewicz v. Sorema*, 534 U.S. 506, *512 (2002).

3. The Court has dismissed the Counterclaim-Plaintiffs' counterclaim for interference with an advantageous business relationship stating that the individual elements of this tort were not pleaded. There is no requirement that each undivided claimant of a tort must be pleaded. This is a requirement imposed upon the Counterclaim-Plaintiffs that has no foundation in our law. In fact, this requirement runs counter to decades of authority that seeks to do away with technical pleading rules. *Rule 8(e)(1)* clearly states that each averment shall be simple, concise, and direct. "No technical forms of pleading…" are required. Despite this clear authority, the Court dismissed the Counterclaim-Plaintiffs' counterclaim for failure to comply with technical pleading requirements imposed on the Counterclaim-Plaintiffs.

4. In this circuit, it has been held that a complaint should not be dismissed on technical grounds without giving the party an opportunity to amend. *Ballou v. General Electric Company*, 393 F.2d 398, *399 (1968). This Court has erred in failing to even give the Counterclaim-Plaintiffs the opportunity to amend.

5. This Court dismissed the Counterclaim-Plaintiffs' count for interference with an advantageous business relationship stating that the Counterclaim-Plaintiffs had failed to meet the requirement that each element of the tort must be pleaded. No authority was given for this pleading requirement. There is no valid authority for this position. In fact, the established authority is diametrically at odds with the Court's holding. The Supreme Court has held that there is no requirement by a claimant to plead a prima facie case. The prima facie case is an evidentiary requirement, not a pleading requirement. *Swierkiewicz v. Sorema*, 534 U.S. 506, *510 (2002). Moreover, dismissal of the Counterclaim-Plaintiffs' counterclaim is erroneous because simplified notice pleading relies on the liberal discovery rules and summary judgment motions to define disputed facts and issues. *Id. P. 512*.

In conclusion, the Court should reconsider and enter an order denying the Plaintiff's motion to dismiss counterclaim.

> REDNECKJUNK, LLC,
> DR. THOMAS P. CONNELLY, and
> CONNELLY RACING, INC.,
> By their Attorney,
>
> _____
> Robert F. Casey, Jr.
> 6 Lancaster County Road
> Harvard, MA 01451
> BBO# 077700
> (978) 772-2223

Dated: November 2, 2004

CONNELLY\RECONSIDERMOTION

## CERTIFICATE OF SERVICE

I, Robert F. Casey, Jr., attorney for the defendants, do hereby certify that on this date I served a copy of the following documents by U.S. Postal First Class Mail, postage prepaid, as follows:

**Motion to Reconsider Dismissal of Counterclaim;**

to:

Plaintiffs' counsel:

Attorney Brenda M. Cotter
BROWN RUDNICK BERLACK ISRAELS, LLP
One Financial Center
Boston, MA 02111

Defendants' co-counsel:

Attorney Jean Sifleet
120 S. Meadow Road
Clinton, MA 01510

Sworn and subscribed to by me under the pains and penalties of perjury this 2nd day of November, 2004.

_____
Robert F. Casey, Jr.

DOCS\CONNELLY\CERT.SER