UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BOXCAR MEDIA, LLC, and )
RACEWAY MEDIA, LLC., )
                                              )
         Plaintiffs, )
v. )
                                              )    CIVIL ACTION NO. 04-40051-NMG
REDNECKJUNK, LLC, )
DR. THOMAS P. CONNELLY, and )
CONNELLY RACING, INC., )
                                              )
         Defendants. )

**PLAINTIFFS' OPPOSITION TO MOTION TO RECONSIDER DISMISSAL OF DEFENDANTS' COUNTERCLAIMS, AND MEMORANDUM IN SUPPORT**

On October 18, 2004, this Court dismissed the defendants' counterclaims in this action on the unopposed motion of plaintiffs Boxcar Media, LLC and Raceway Media, LLC (hereinafter, collectively, "Raceway"). Notwithstanding the lack of opposition from the defendants, the Court issued a thorough opinion considering the merits of Raceway's motion to dismiss. This opinion, which noted the lack of any factual averments to support two of the defendants' three counterclaims, and characterized the third as legally "nonsensical," was correct in every respect.

Now, the defendants come before this Court seeking reconsideration of the October 18 order. Despite the total lack of factual averments in the first two counterclaims, they assert that they have nevertheless given Raceway notice of the basis of their claims. Despite the lack of any cognizable legal foundation for their third counterclaim, they argue that they are entitled to amend that claim. The defendants' attempt to seek reconsideration of the Court's order is utterly meritless and, when the defendants never filed an opposition to the original motion and have not

1

even attempted to explain their failure to do so, is an outright abuse of the judicial process. The defendants' motion should be denied.

## DISCUSSION

I. THE COURT NEED NOT CONSIDER THE DEFENDANTS' MOTION TO RECONSIDER WHEN RACEWAY'S ORIGINAL MOTION WAS UNOPPOSED.

After allowing more than five (5) months for the defendants to file an opposition that never materialized, this Court nonetheless considered the merits of the defendants' counterclaims when it granted Raceway's motion to dismiss. Having extended the defendants that courtesy, the Court is under no obligation to hear the defendants for the first time now. See Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990) (where plaintiff failed to oppose motion to dismiss, court did not abuse discretion in denying reconsideration). On that basis alone, the Court need not consider this matter further.

II. THE DEFENDANTS' CLAIM THAT THEIR ALLEGED COUNTERCLAIMS SATISFIED NOTICE PLEADING STANDARDS IS WITHOUT MERIT.

Even if the Court were to consider the defendants' motion for reconsideration, it is apparent that there is no reason to overturn the Court's original decision. The defendants' argument that their pleading satisfied notice pleading standards fails to respond to, or even recognize, the Court's finding that the alleged counterclaims lacked any supporting facts whatsoever that would allow the plaintiffs "to fashion a meaningful response or even to understand their alleged misdeed." See October 18 Order, p. 5. This is not an issue of "technical form," as the defendants would ask the Court to believe; it is a complete failure in the substance of the pleading.

The defendants' suggestion that the U.S. Supreme Court has obviated the need to plead the elements of a claim misses the point entirely. Defendants not only failed to plead legal

elements of the purported claims, they failed to plead <u>any</u> factual allegations at all. Further, the defendants misrepresent the holding in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002). Defendants cite this case for the broad proposition that a litigant need not plead a "prima facie case." <u>See</u> Mo. to Reconsider, ¶ 5. However, <u>Swierkiewicz</u> involved a case of national origin discrimination under Title VII of the Civil Rights Act of 1964; what the Supreme Court actually said was that, in the limited context of a Title VII case, a plaintiff need not plead a prima facie (i.e., circumstantial) case of *discrimination* because he might be able to prove his case through direct evidence of discrimination. <u>See</u> <u>Swierkiewicz</u> at 511. In other words, the passage cited by defendants has nothing to do with this case. In fact, the Supreme Court, on the following page, reiterated the Court's, and Raceway's, position that a claim must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Id.</u> at 512. The Court properly found that the defendants failed to meet even this low threshold.

III.  THE COURT PROPERLY DENIED DEFENDANTS AN ADDITIONAL OPPORTUNITY TO AMEND AFTER DISMISSAL OF THEIR COUNTERCLAIMS.

The U.S. Court of Appeals for the First Circuit has recognized that, "[i]f a defendant files a motion to dismiss for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), the plaintiff, as a practical matter, has notice of the motion and an opportunity to amend the complaint as of right, *see* Fed.R.Civ.P. 15(a)." <u>Gonzalez-Gonzalez v. U.S.</u>, 257 F.3d 31, 36 (1st Cir. 2001). In other words, defendants could have amended their counterclaims as of right but failed to do so in the five months between the motion to dismiss and the October 18 order.

The Court can reasonably construe the absence of either an opposition or a motion to amend as an admission that there were no and are no additional facts to be pleaded. <u>See</u> <u>Romani v. Shearson Lehman Hutton</u>, 929 F.2d 875, 881 (1st Cir. 1991) (affirming denial of leave to amend, where opposition to motion to dismiss did not address possibility of amendment:

3

"Plaintiff's silence may well have been viewed by the court as an implicit concession that he had nothing to add to his allegations."). Even now, there has been no motion to amend, and the defendants have not made any suggestion of what additional facts might be pleaded to support their counterclaims. See Ortiz-Villafane v. Segarra, 797 F.2d 1, 2 (1st Cir. 1986) ("Unless a motion is made to amend the pleadings, the district court has no duty to order or even suggest an amendment.").

Moreover, amendment, even if it were permitted, cannot save defendants' counterclaims. For example, amendment could not cure the defendants' third counterclaim, which is based on the erroneous legal theory that Raceway cannot assert a trademark claim without a registered trademark. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 260 (1st Cir. 1994) (dismissal proper where complaint is legally deficient and cannot be cured by amendment). The Court properly rejected this theory as "nonsensical." Likewise, the other two claims have no articulated factual or legal basis.

It is entirely within this Court's discretion as to whether amendment should be allowed following dismissal of a claim. Romani, 929 F.2d at 880. Under these circumstances, given defendants' failure to oppose or to move to amend, and given the total lack of factual substance or legal merit in the defendants' counterclaims, this Court need not and should not reconsider its order of dismissal on this basis.

4

## CONCLUSION

For the reasons discussed above, Raceway respectfully requests that defendants' motion for reconsideration be DENIED.

Respectfully submitted,

BOXCAR MEDIA, LLC, and
RACEWAY MEDIA, LLC

By their attorneys,

_____
Brenda M. Cotter (BBO #548004)
Jeffrey P. Hermes (BBO #637952)
BROWN-RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: November 9, 2004

5

## CERTIFICATE OF SERVICE

I, Jeffrey P. Hermes, counsel for the plaintiffs, do hereby certify that on this day, November 2, 2004, I served a copy of the foregoing document by mail and electronic mail to counsel for the defendants:

Robert F. Casey, Jr., Esq.  
ROBERT F. CASEY, JR., P.C.  
Shaker Place  
233 Ayer Road – Suite 12  
Harvard, MA 01451

Jean D. Sifleet, Esq.  
120 South Meadow Road  
Clinton, MA 01510

_____  
Jeffrey P. Hermes

Dated: November 2, 2004

#1310342 - 21073/2